UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIVE AMERICAN DISABILITY LAW CENTER,<br>3535 E. 30th St., Suite 201, Farmington, NM 87402<br>*Plaintiff,*<br>vs.<br>UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES BUREAU OF INDIAN AFFAIRS; AND UNITED STATES BUREAU OF INDIAN EDUCATION.<br>*Defendants.* | Civil Action No. |

# COMPLAINT

1. The Native American Disability Law Center ("NADLC") brings this action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of the Interior, Bureau of Indian Education ("BIE") to produce records related to Havasupai Elementary School and the BIE's compliance with federal law, including the Individuals with Disabilities Education Act ("IDEA").

2. NADLC requested records from the BIE pursuant to FOIA on May 21, 2015. The BIE failed to comply with the statutory and regulatory deadlines for compliance with the FOIA request and failed to provide NADLC with appropriate written notice extending the timelines to process the request. The few documents

BIE has provided NADLC do not constitute all documents within the agency's possession that are responsive to the request and not exempt from disclosure. The FOIA request has now been pending for nearly twenty-two (22) months, which constitutes unreasonable delay in processing, and therefore constructive denial, of the request.

**PARTIES**

3. Plaintiff Native American Disability Law Center is a 501(c) nonprofit organization based in Farmington, New Mexico that advocates for the legal rights of Native Americans with disabilities.

4. Defendant Bureau of Indian Education is a bureau within the U.S. Department of the Interior. Pursuant to Department of the Interior regulations, the Assistant Secretary—Indian Affairs has delegated to the BIE the authority to provide education services to Native American children, including children with disabilities. The BIE is responsible for meeting the requirements of the IDEA, section 504 of the Rehabilitation Act, and the educational needs of Native American children residing on reservations and attending elementary and secondary schools funded by the Department of the Interior.

5. Defendant United States Department of the Interior ("DOI") is a federal agency. Defendant United States Bureau of Indian Affairs ("BIA") is a federal agency within DOI. As the parent agencies of the BIE, the DOI and BIA are responsible for meeting the requirements of the IDEA, section 504 of the

Rehabilitation Act, and the educational needs of Native American children residing on reservations and attending elementary and secondary schools funded by the Secretary of the Interior.

## JURISDICTION

6. This Court has subject-matter jurisdiction over the action because it arises under a federal statute and the defendants are agencies of the United States. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. §§ 1331 and 1346.

7. Venue is proper in this District because DOI, BIA, and BIE each has its principal place of business in the District of Columbia.

## FACTS

8. The Havasupai reservation comprises 188,077 acres along the western corner of the Grand Canyon's South Rim in Arizona. There are approximately 730 enrolled members of the Havasupai Tribe. Of these, more than 160 are children under the age of 18, and more than 100 are in the age group eligible to attend Havasupai Elementary School, which is operated by the BIE. About 61% of Havasupai children under the age of 18 live below the poverty line. Many of these children have disabilities.

9. NADLC has worked extensively with members of the Havasupai community, including representing families and engaging in education advocacy on behalf of Havasupai children with disabilities. Among NADLC's priorities is to advocate for and assist Native American children with disabilities in obtaining a

free appropriate public education in the least restrictive environment. NADLC provides training on education rights to students with disabilities and their parents; provides technical assistance to such students and their parents to empower them to advocate for special-education services; provides direct representation to individual students with disabilities who are not receiving a free appropriate public education in the least restrictive environment; and works with other advocacy organizations to address systemic education issues facing students with disabilities. NADLC and several Havasupai students have recently filed a lawsuit in federal court in Arizona challenging BIE's unmistakable failure to provide statutorily mandated general and special education services at Havasupai Elementary School.

10. By letter dated May 21, 2015, NADLC requested from the FOIA Officer in the Bureau of Indian Affairs, U.S. Department of Interior, records from the BIE. A true and correct copy of the letter is attached here to as Exhibit A.

11. On or about June 25, 2015, NADLC received a letter from BIE requesting clarification of NADLC's FOIA requests. A true and correct copy of the letter is attached hereto as Exhibit B.

12. On July 8, 2015, Alexis DeLaCruz of NADLC spoke to Jacquelyn Cheek, the BIE FOIA Coordinator and provided clarification of NADLC's requests. On July 9, 2015, NADLC sent a letter to BIE formally clarifying its requests, memorializing the July 8, 2015 conversation, and requesting that BIE

contact Ms. DeLaCruz with any questions or concerns regarding the NADLC's FOIA requests. A true and correct copy of the letter is attached as Exhibit C.

13. Between July 8, 2015, and November 12, 2015, NADLC received no documents or substantive response to its FOIA request. On November 12, 2015, NADLC sent another letter to BIE asserting that the agency had impermissibly delayed in responding to the FOIA request. A true and correct copy of this letter is attached as Exhibit D.

14. On July 15, 2016, nearly fifteen (15) months after the FOIA request was submitted, and after repeated inquires to a DOI attorney, James Porter, in April, May, and June 2016, NADLC received a letter from the BIE and a small set of documents purportedly in response to Item 12 of the original FOIA request. Item 12 requests "[a]ll BIE State and Due Process Complaints filed with the BIE pursuant to 20 U.S.C. § 1415 of the [IDEA] for the period of January 1, 2010 through the present." A true and correct copy of the BIE's July 15, 2016 letter is attached as Exhibit E.

15. BIE's response to Item 12 was incomplete. For example, it did not include State Complaints that NADLC itself had submitted to BIE during the specified time period, which were within the scope of Item 12. Further, while some State Complaints were provided, no Due Process Complaints were produced. In the special education context, a Due Process Complaint is a complaint filed by a parent or guardian of a student with a disability alleging that BIE has failed to

satisfy its procedural obligations to identify, evaluate, and/or place the student, or that BIE has failed to provide a free and appropriate public education to the student. It is not plausible that no such complaints were received by BIE during the specified time period.

16. On July 7, 2016, NADLC sent a letter to the Office of Government Services, National Archives and Records Administration ("OGIS") requesting assistance in obtaining a full response to its FOIA request. A true and correct copy of this letter is attached as Exhibit F.

17. NADLC is informed and believes that BIE told OGIS that BIE estimated completing action on the FOIA request by September 16, 2016. Yet NADLC received no further response from BIE by September 16, 2016. On September 28, 2016, NADLC contacted BIE by email and was told in an email response that "[y]our FOIA documents were completed in August and transmitted for final review to our FOIA office." To date, NADLC has received no further documents and no further written response from BIE.

18. On October 31, 2016, NADLC sent a letter to the Office of the Solicitor, U.S. Department of Interior, to lodge an administrative appeal with DOI's FOIA & Privacy Act Appeals Office with regard to NADLC's FOIA request. A true and correct copy of the appeal letter is attached as Exhibit G. On November 2, 2016, NADLC received an email from the DOI's FOIA & Privacy Act Appeals Office, noting that a page was missing from the documents submitted

by NADLC in connection with its appeal. That same day, November 2, 2016, NADLC emailed that page to the DOI. NADLC emailed DOI again on December 2, 2016, inquiring about the status of the appeal. NADLC emailed DOI again on January 23, 2017 and called DOI the same day.

19. NADLC has received no communication from either BIE or DOI with respect to its FOIA request or appeal since November 2, 2016.

## CLAIM FOR RELIEF

20. The allegations in the preceding paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

21. NADLC made a proper FOIA request for information relating to Havasupai Elementary School and BIE's compliance with federal laws. The request, as originally submitted and as clarified, reasonably describes the requested records and the request was made in compliance with published rules stating the time, place, fees, and procedures to be followed, consistent with 5 U.S.C. § 552(a)(3)(A).

22. Defendant BIE has failed to make reasonable efforts to search for and produce records responsive to the FOIA request. BIE has unlawfully withheld information from NADLC by failing to produce records responsive to the request and not exempt from production under 5 U.S.C. § 552(b).

23. Defendant BIE has failed to respond in a timely manner to the FOIA request. BIE failed to determine within twenty (20) business days of receipt of the

FOIA request whether to comply with the request and to notify NADLC of such determination; and BIE failed to provide written notice of unusual circumstances that justified any extension of the twenty-day period. 5 U.S.C. § 552(a)(6)(A) & (B). The FOIA request has been pending for approximately twenty-two (22) months without an adequate response and has therefore been constructively denied.

24. Defendant DOI has failed to respond in a timely manner to NADLC's appeal with regard to the FOIA request. DOI failed to make a determination with respect to the appeal with twenty (20) business days of receipt of such appeal; and DOI failed to provide written notice of unusual circumstances that justified any extension of the twenty-day period. 5 U.S.C. § 552(a)(6)(A) & (B).

25. NADLC exhausted the applicable administrative remedies by appealing BIE's unlawful withholding of records to DOI. DOI constructively denied the appeal by failing to issue a ruling or request for extension of time within twenty working days. 5 U.S.C. § 552(a)(6)(A)(ii).

26. NADLC has suffered irreparable injury and has no available relief other than declaratory and injunctive relief. Accordingly, NADLC has a right under FOIA to injunctive and declaratory relief with regard to BIE's unlawful withholding of records.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff NADLC seeks judgment as follows:

1. An order enjoining BIE from withholding the records requested by NADLC;

2. An order requiring BIE to produce the requested information within thirty (30) days;

3. A declaration that it was unlawful for BIE to fail to disclose the requested records;

4. An award to NADLC of all costs and reasonable attorneys' fees incurred herein, *see* 5 U.S.C. § 552(a)(4)(E)(i);

5. An order that the Court reserves jurisdiction to ensure that BIE timely complies with its orders; and

6. Such further relief as the Court may deem just and proper.

DATED: March 21, 2017

__*/s/ Michael B. DeSanctis*_______________

Michael B. DeSanctis (D.C. Bar No. 460961)
michael.desanctis@mto.com
Chad I. Golder (D.C. Bar No. 976914)
chad.golder@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W.
Seventh Floor
Washington , D.C.90071-3426
Tel: (202) 220-1100
Fax: (202) 220-2300

Bradley S. Phillips*
brad.phillips@mto.com
Seth J. Fortin*
seth.fortin@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fifteith Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100
Fax: (213) 687-3702

Bryan H. Heckenlively*
bryan.heckenlively@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-3089
Tel: (415) 512-4000
Fax: (415) 512-4077

*Counsel for Plaintiff NADLC*

*Application for admission *pro hac vice* forthcoming

# EXHIBIT A

NATIVE AMERICAN
DISABILITY LAW CENTER

**Alexis DeLaCruz**
Attorney at Law

May 21, 2015

Daniel Largo, FOIA Officer
U.S. Department of Interior
Bureau of Indian Affairs
MS-3070, MIB
1849 C Street, NW
Washington, DC 20240
Facsimile: 202-208-6597

<u>Via Facsimile and U.S. Mail</u>

*Re: Bureau of Indian Education Freedom of Information Request*

Dear Mr. Largo,

I am writing, pursuant to the Freedom of Information Act, 5 U.S.C. § 552, to request the following agency records from the Bureau of Indian Education (BIE):

1. Any and all studies, reports, or other documents describing student achievement data, attendance data, discipline data (I am not requesting student specific information and specifically seek disaggregated data by grade, gender, and disability for each data request) at Havasupai Elementary School in Supai, Arizona, for the period of January 1, 2010 to present;

2. Any and all teacher data describing qualifications of all teachers at at Havasupai Elementary School in Supai, Arizona, for the period of January 1, 2010 to present,

3. BIE budget requests, justifications, guidance, internal correspondence, management and budget monitoring-documents regarding Havauspai Elementary School for the period of January 1, 2010 to present;

4. The "Program and Improvement Accountability Plan" (a United State Department of Education (DOE) Corrective Action Plan) for the BIE;

5. BIE Individuals with Disabilities Education Act, 20 U.S.C. § 1401 *et seq.* grant proposals and budget reports to DOE regarding Havasupai Elementary School for the period of January 1, 2010 to the present;

3535 E. 30TH STREET, SUITE 201 • FARMINGTON, NEW MEXICO 87402
Phone 505-566-5880 • Toll Free 1-800-862-7271 • Fax 505-566-5889

*The Protection & Advocacy System for Native Americans with Disabilities*

*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services, the Health Resource and Services Administration, the Social Security Administration, Arizona Developmental Disabilities Planning Council, New Mexico Civil Legal Services Commission, the New Mexico Guardian Ad Litem 11th Judicial District Court*

6. Meeting minutes of the Indian Affairs BIE- Education Committee for the period of August 12, 2013 to the present;

7. All Havasupai Elementary School internal evaluations, studies and reports sent to the BIE;

8. All communications (including but not limited to correspondence, e-mail and memoranda) between Havasupai Elementary School administration and staff, including teachers, to the BIE Education Line Officers and Director Dr. Charles Roessel for the period of January 1, 2010 to present;

9. All documents related to any internal evaluations, assessments, reviews, monitoring and studies conducted by the BIE of Havasupai Elementary School for the period of January 1, 2010 to the present;

10. All documents that authorize, describe, detail, or otherwise discuss all monitoring activities undertaken by the BIE pursuant to IDEA for the period of January 1, 2010 to present;

11. Personnel files of former or current Havasupai Elementary School staff Melanie Haskan, Stephanie Hallmark, and Katherine Campbell;

12. All BIE State and Due Process Complaints filed with the BIE pursuant to 20 U.S.C. § 1415 of the Individuals with Disabilities Act (IDEA) for the period of January 1, 2010 through the present; and

13. All BIE Advisory Board for Exceptional Children Meeting minutes for the period of January 1, 2010 to the present.

I am willing to pay for the fee necessary for obtaining the requested records.

Sincerely,

Alexis M. DeLaCruz

3535 E. 30TH STREET, SUITE 201 • FARMINGTON, NEW MEXICO 87402
Phone 505-566-5880 • Toll Free 1-800-862-7271 • Fax 505-566-5889

*The Protection & Advocacy System for Native Americans with Disabilities*

*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services,*

# EXHIBIT B

# United States Department of the Interior

BUREAU OF INDIAN EDUCATION
Washington, D.C. 20240

IN REPLY REFER TO:

JUN 25 2015

Ms. Alexis DeLaCruz
Attorney at Law
Native American Disability Law Center
3535 E. 30th Street, Suite 201
Farmington, New Mexico 87402

Dear Ms. DeLaCruz:

This letter is in response to your Freedom of Information Act (FOIA) request dated May 21, 2015, in which you requested:

1. *Any and all studies, reports, or other documents describing student achievement data, attendance data, discipline data (I am not requesting student specific information and specifically seek disaggregated data by grade, gender, and disability for each data request) at Havasupai Elementary School in Supai, Arizona, for the period of January 1, 2010 to present;*

2. *Any and all teacher data describing qualifications of all teachers at Havasupai Elementary School in Supai, Arizona, for the period of January 1, 2010 to present;*

3. *BIE budget requests, justifications, guidance, internal correspondence, management and budget monitoring-documents regarding Havasupai Elementary School for the period of January 1, 2010 to present;*

4. *The "Program and Improvement Accountability Plan" (a United States Department of Education (DOE) Corrective Action Plan) for the BIE;*

5. *BIE Individuals with Disabilities Education Act, 20 U.S.C. § 1401 et seq. grant proposals and budget reports to DOE regarding Havasupai Elementary School for the period of January 1, 2010 to the present;*

6. *Meeting minutes of the Indian Affairs BIE-Education Committee for the period of August 12, 2013 to the present;*

7. *All Havasupai Elementary School Internal evaluations, studies and reports sent to the BIE;*

*8. All communications (including but not limited to correspondence, e-mail and memoranda) between Havasupai Elementary School administration and staff, including teachers, to the BIE Education Line Officers and Director Dr. Charles Roessel for the period of January 1, 2010 to present;*

*9. All documents related to any internal evaluations, assessments, reviews, monitoring and studies conducted by the BIE Havasupai Elementary School for the period of January 1, 2010 to present;*

*10. All documents that authorize, describe, detail, or otherwise discuss all monitoring activities undertaken by the BIE pursuant to IDEA for the period of January 1, 2010 to present;*

*11. Personnel files of former or current Havasupai Elementary School staff Melanie Haskan, Stephanie Hallmark, and Katherine Campbell;*

*12. All BIE State and Due Process Complaints filed with the BIE pursuant to 20 U.S.C. § 1415 of the Individuals with Disabilities Act (IDEA) for the period of January 1, 2010 through the present; and*

*13. All BIE Advisory Board for Exceptional Children Meeting minutes for the period of January 1, 2010 to the present.*

Your request was referred to the Bureau of Indian Affairs FOIA Office for processing on May 21, 2015, and on May 28, 2015, it was assigned Request No. BIA-2015-01289. Please reference this number in any future communications regarding your request. Your request was referred to the Bureau of Indian Education (BIE) for processing and was reviewed on June 3, 2015.

We have classified your request as an "other-use" request. As an "other-use" requester, you are entitled to receive 2 hours of search time and 100 pages of duplication of responsive records without charge before being asked to pay for document search and reproduction. However, the Department of the Interior does not bill for FOIA fees when they do not exceed $50.00. (43 C.F.R. §2.49 (a)).

The FOIA requires that requests describe the records sought with sufficient detail to allow an agency employee familiar with the subject area of the request to locate the records with a reasonable amount of effort. Your request does not adequately describe the records sought, therefore, we are unable to process it at this time. If you wish to pursue your request, please identify the following.

(a) You must reasonably describe the records sought. A reasonable description contains sufficient detail to enable bureau personnel familiar with the subject matter of the request to locate the records with a reasonable amount of effort.

(b) You should include as much detail as possible about the specific records or types of records that you are seeking. This will assist the bureau in identifying the requested records (for example, time frames involved or specific personnel who may have the requested records). For example, whenever possible, identify:

(1) The date, title or name, author, recipient, and subject of any particular records you seek;

(2) The office that created the records you seek;

(3) The timeframe for which you are seeking records; and

(4) Any other information that will assist the bureau in locating the records.

(c) The bureau's FOIA Coordinator has provided guidance in formulating or reformulating a request in an effort to better identify the records you seek.

In reference to #1, please clarify what studies, reports or other documents you seek.

In reference to #2, we need clarification of the teacher data you seek.

In reference to #3, budget justifications are found on the Department of the Interior's website at http://www.doi.gov//budget/index.cfm since we are all part of the Indian Affairs Budget Justification that is submitted following the submission of the President's annual budget request.

In reference to #4, we need you to identify which plan you seek and for what time frame – dates.

In reference to #5, these would not be with the BIE. The U.S. Department of Education would receive grant proposals and budget reports.

In reference to #6, we need to know what you are referencing as the "Education Committee for the period August 12, 2013 to the present;"

In reference to #7, we need more specifics on what internal evaluations, studies and reports you seek and to whom they may have been sent within the BIE.

In reference to #8, we need your assistance in identifying the specific School staff that communicated with the individuals you reference. We also need to know the names of Education Line Officers you reference as recipients.

In reference to #9, as noted in #7, we need more specifics about the documents you seek and the difference between the documents requested for #7 and this numbered request.

In reference to #10, it is not clear to us what you seek as we must follow the requirements in IDEA.

In reference to #11, this part of the request will be forwarded to the Office of Human Resources for a response;

In reference to #12, it will take some time to pull the information together. The information will be reviewed and any Personal Identifiable Information will be redacted. Following those redactions, the documents will be reviewed by the Solicitor's office for concurrence prior to release.

Finally, in reference to #13, the BIE Advisory Board for Exceptional Children Meeting minutes for the period of January 1, 2010 to the present, are available on the Bureau of Indian Education's website and can be found at: http://www.bie.edu/Programs/SpecialEd/AdvisoryBoard/index.htm. These minutes go back to 2009.

According to our regulations, if we do not receive your written response clarifying what records you are looking for within 20 workdays from the date of this letter, we will presume that you are no longer interested in pursuing your request, we will not be able to comply with your request, and we will close our file on your request. *See 43 C.F.R. § 2.5 (d).*

You may appeal this decision to the FOIA Appeals Officer. The FOIA Appeals Officer must receive your FOIA Appeal no later than 30 workdays from the date of this final letter responding to your FOIA request. Appeals arriving or delivered after 5 p.m. E.T., Monday through Friday, will be deemed received on the next workday. Your appeal must be in writing and address to:

Freedom of Information Act Appeals Officer
Department of the Interior
Office of the Solicitor
1849 C Street, NW. MS 6556
Washington, DC 20240

You must include with your appeal copies of all correspondence between you and the bureau concerning your FOIA request, including a copy of your original FOIA request and this denial letter. Failure to include this documentation with your appeal will result in the Department's rejection of your appeal. The appeal should be marked, both on the envelope and the face of the letter, with the legend "FREEDOM OF INFORMATION APPEAL." Your letter should include in as much detail as possible any reason(s) why you believe the bureau's response is in error. As part of the 2007 FOIA amendments, the Office of Government Information Services (ODIA was created to offer mediation services to resolve dispute between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road, Room 2510
College Park, Maryland 20740-6001
E-mail: ogis@nara.gov

Telephone: 202-741-5770
Facsimile: 202-741-5769
Toll-free: 1-877-684-6448

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of FOIA. See U.S.C. §552(c) (2006) & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

This concludes our response to your request. If you have any questions or would like to discuss your request, please contact me at (202) 208-6983.

Sincerely,

Jacquelyn M. Cheek
Special Assistant to the Director
Bureau of Indian Education

# EXHIBIT C

NATIVE AMERICAN
DISABILITY LAW CENTER

**Alexis DeLaCruz**
Attorney at Law

July 9, 2015

Jacquelyn M. Cheek
Special Assistant to the Director
Bureau of Indian Education
1849 C Street, NW
MS-4657-MIB
Washington, D.C. 20240
Phone: 202-208-6983
Fax: 202-208-3312

Via Facsimile and U.S. Mail

*Re: Revised Bureau of Indian Education Freedom of Information Request*

Dear Ms. Cheek,

I am writing to provide you with the Revised Records Request we discussed telephonically on July 8, 2015. Pursuant to our conversation, I am clarifying the requests to obtain appropriate documents from the Bureau of Indian Education (BIE). I use bold bullet points below the original request to clarify each request and to document my understanding of each request's status.

Under the Freedom of Information Act, 5 U.S.C. § 552, I originally requested the following agency records from the BIE on May 21, 2015.

1. Any and all studies, reports, or other documents describing student achievement data, attendance data, discipline data (I am not requesting student specific information and specifically seek disaggregated data by grade, gender, and disability for each data request) at Havasupai Elementary School in Supai, Arizona, for the period of January 1, 2010 to present;
   - **I requested all data related to student performance at Havasupai Elementary School.**
   - **You shared with me the Bureau-Wide and Individual School Report Cards, which contain some of the information I was requesting, on the BIE's web site.**
   - **However, the Annual Report Card for Havasupai Elementary School is not current. The most recent Report Card is from the 2012-2013 School Year.**
   - **Because I am requesting this student data through the present School Year, you indicated to me that you would follow-up on my inquiry about obtaining Report Cards for the 2013-2014 and the 2014-2015 school years.**



*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services, the Health Resource and Services Administration, the Social Security Administration, Arizona Developmental Disabilities Planning Council, New Mexico Civil Legal Services Commission, the New Mexico Guardian Ad Litem 11th Judicial District Court*

2. Any and all teacher data describing qualifications of all teachers at Havasupai Elementary School in Supai, Arizona, for the period of January 1, 2010 to present;
   - **I clarified that I am looking for licensure, credentials, and any other certifications regarding qualifications to teach students with disabilities as required by IDEA.**
   - **You explained to me that the BIE job vacancies and postings should be sufficient to determine what qualifications each educator has. However, I raised the concern that a job posting does not necessarily mean that the person filling the position has the qualifications required. Regardless, you indicated that this information is exempt from a FOIA request as a "personnel" matter. However, I am requesting reconsideration of your position because "personnel matters" only excepts personnel actions, and it not relevant to documents regarding teacher licensure, credentials, and certifications, which are required to be publicly available.**
   - **You indicated to me you would refer this particular request to the Office of Human Resources.**

3. BIE budget requests, justifications, guidance, internal correspondence, management and budget monitoring-documents regarding Havauspai Elementary School for the period of January 1, 2010 to present;
   - **You indicated to me that the BIE's budget justifications are on the Department of Interior's web site.**
   - **However, I clarified that I would like BIE-specific budget data regarding the monitoring of Havasupai Elementary School funds.**
   - **You said you would follow-up on my request with the BIE's budget personnel to determine what budget reviews specific to special education activities at Havasupai Elementary School are available.**

4. The "Program and Improvement Accountability Plan" (a United State Department of Education (DOE) Corrective Action Plan) for the BIE;
   - **I clarified that this document was first referenced in the September 2013 GAO Report 13-774 "Indian Affairs: Better Management and Accountability Needed to Improve Indian Education." The GAO Report specifically referred to the document I am requesting as the "Program and Improvement Accountability Plan."**
   - **You explained to me that the current iteration of the document I described is called the "Corrective Action Plan."**
   - **I am now requesting a copy of the "Corrective Action Plan," along with the Plan's updates that are issued quarterly.**

5. BIE Individuals with Disabilities Education Act, 20 U.S.C. § 1401 *et seq.* grant proposals and budget reports to DOE regarding Havasupai Elementary School for the period of January 1, 2010 to the present;
   - **You indicated to me that grant proposals and budget reports are submitted directly to the U.S. Department of the Education, not the BIE.**
   - **However, while these documents may also be available through the Department of Education, I am requesting that the BIE provide any such documents within its possession.**

3535 E. 30TH STREET, SUITE 201 • FARMINGTON, NEW MEXICO 87402
Phone 505-566-5880 • Toll Free 1-800-862-7271 • Fax 505-566-5889



*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services,*

6. Meeting minutes of the Indian Affairs BIE- Education Committee for the period of August 12, 2013 to the present;
    - **I clarified that the "BIE-Education Committee" I was referencing was created pursuant to a December 2012 Memorandum of Understanding between the Departments of Interior and Education as required by Executive Order 13592.**
    - **You explained to me that this specific Committee is now the "White House Council on Native American Affairs." You indicated to me I could find more information about this Committee in the Executive Order President Obama signed establishing the Council. You also indicated to me I could find more information on this Council on the www.bia.gov/WhoWeAre/AS-IA/WHCNAA web site. However, it is unclear what, if any, meeting minutes exist.**
    - **You indicated to me that you would follow-up with William Mendoza, the Director of the White House Initiative on American Indian and Alaska Native Education, to determine if there are additional meeting minutes. You also indicated to me this request would better be made of the Department of Education.**
    - **However, while these documents may also be available through the Department of Education, I am requesting that the BIE provide these documents if they are within the possession of the BIE.**

7. All Havasupai Elementary School internal evaluations, studies and reports sent to the BIE;
    - **I clarified I was requesting documents related to all Havasupai Elementary School internal monitoring activities independently undertaken by the School. I explained to you that I am personally aware that Dr. Charles (Monty) Roessel visited the School in September/ October of 2014. Upon information and belief, I also believe there have been independent consultants and/or evaluators that have recently assessed the School within the last nine (9) months.**
    - **You indicated to me that this description helped narrow the scope of my request and that you would follow-up on my request for the evaluations, studies and reports.**

8. All communications (including but not limited to correspondence, e-mail and memoranda) between Havasupai Elementary School administration and staff, including teachers, to the BIE Education Line Officers and Director Dr. Charles Roessel for the period of January 1, 2010 to present;
    - **You requested I specifically name the Education Line Officers (ELO) and School staff I was referring to in this request.**
    - **I explained to you that I did not know all of the staff since my request dates to January 2010, but I was able to provide the following identifying information to help clarify this request. As for to the ELOs, I am referring to Eric North, David Talayumptewa, Jim Hastings, and Bartholomew Stevens. With regard to School staff, I am referring to Katherine Campbell, Karen Deadrick, Coleen Maldonado, Melanie Haskan, Stephanie Hallmark, Betty Edmo, Carrie Watahomigie, and Mark Standing Eagle Baez. Again, because I am unsure of who was at the School before the 2014-2015 School Year, I am unable to produce names of all teaching staff from January 2010 to present.**
    - **While you explained to me the challenges of requesting e-mail communication given the lack of compatibility with the BIE's e-mail service with other service providers, I**

**am still requesting all e-mail correspondence between the above mentioned individuals in addition to memos and other correspondence.**

- **In addition, I am requesting the "Surname Copies" of all directives and correspondence on file with the School between the School and the BIE.**

9. All documents related to any internal evaluations, assessments, reviews, monitoring and studies conducted by the BIE of Havasupai Elementary School for the period of January 1, 2010 to the present;
   - **I clarified that this request was similar to Paragraph 7 in that I am requesting documents as they relate to the BIE's mandated assessments, reviews, evaluations, and/or monitoring activities of the Havasupai Elementary School. However, I explained this request was different in that the request in Paragraph 7 was referencing any assessment the School voluntarily undertook. The request in Paragraph 9 is requesting documentation of any BIE-mandated evaluation, assessment, review, or monitoring activity conducted by the BIE itself.**

10. All documents that authorize, describe, detail, or otherwise discuss all monitoring activities undertaken by the BIE pursuant to IDEA for the period of January 1, 2010 to present;
    - **I clarified that pursuant to 20 U.S.C § 1412(a)(10)(B); 34 C.F.R. § 300.145-.147, I am requesting the BIE's procedures and standards regarding monitoring compliance including, but not limited to, "written reports, on-site visits, and parent questionnaires."**
    - **I am still requesting all documents that relate to this monitoring obligation including documents that authorize, describe, detail, or otherwise discuss the BIE's monitoring obligations as the State Educational Agency for purposes of IDEA.**

11. Personnel files of former or current Havasupai Elementary School staff Melanie Haskan, Stephanie Hallmark, and Katherine Campbell;
    - **You indicated this request has been forwarded to the BIE Office of Human Resources for a response.**

12. All BIE State and Due Process Complaints filed with the BIE pursuant to 20 U.S.C. § 1415 of the Individuals with Disabilities Act (IDEA) for the period of January 1, 2010 through the present; and
    - **You indicated to me that this request is being processed. However, you explained it will take time to cull all of the State Complaints and Due Process Complaints filed in the last five years nationally. You further explained that all Complaints will be redacted and then reviewed by the DOI's Solicitor's Office before they are released.**
    - **Please be advised that other than redacting student identifiable information, there is no basis for refusing to release these public documents. In addition, upon information and belief, the numbers of Due Process Complaints filed with the BIE are limited. I am requesting that all responsive Due Process Complaints be provided as soon as they are reviewed and separately from the State Complaints if this will speed production of the Due Process Complaints.**

3535 E. 30TH STREET, SUITE 201 • FARMINGTON, NEW MEXICO 87402
Phone 505-566-5880 • Toll Free 1-800-862-7271 • Fax 505-566-5889



*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services,*

13. All BIE Advisory Board for Exceptional Children Meeting minutes for the period of January 1, 2010 to the present.
    - **You indicated to me that the meeting minutes requested of this Committee are available on the BIE web site.**
    - **This individual request can be removed from the overall request.**

I am now requesting a waiver of fees because this request is for such disclosure that "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The Law Center is a non-profit organization that promotes and advances the civil rights of Native American with disabilities, including children, in the Four Corners Region of the Southwest. The Law Center is not commercially benefitting from the release of these documents.

Thank you for your prompt attention to this letter. Please do not hesitate to contact me if you have any questions or concerns regarding the *Revised Bureau of Indian Education Freedom of Information Request*. I look forward to hearing from you.

Sincerely,

Alexis M. DeLaCruz

3535 E. 30TH STREET, SUITE 201 • FARMINGTON, NEW MEXICO 87402
Phone 505-566-5880 • Toll Free 1-800-862-7271 • Fax 505-566-5889

*The Protection & Advocacy System for Native Americans with Disabilities*

*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services,*

# EXHIBIT D

NATIVE AMERICAN
DISABILITY LAW CENTER

**Alexis DeLaCruz**
Attorney at Law

November 12, 2015

Jacquelyn M. Cheek
Special Assistant to the Director
Bureau of Indian Education
1849 C Street, NW
MS-4657-MIB
Washington, D.C. 20240
Fax: 202-208-3312
Jacquelyn.Cheek@bie.edu

Dr. Charles Roessel
Director
Bureau of Indian Education
1849 C Street, NW
MS-4657-MIB
Washington, D.C. 20240
Fax: 202-208-3312
Charles.Roessel@bie.edu

Via Facsimile and E-mail ONLY

*Re: Undue delay in FOIA Request dated May 21, 2015 – BIA-2015-01289*

Dear Ms. Cheek,

I am writing to again follow-up on my records request. According to my records, my last e-mail communication with you was on September 15, 2015. In that e-mail you indicated to me that the Bureau of Indian Education (BIE) was requesting additional time to pull the records. In response, on September 16, 2015, I asked for a specific timeline as to when the records would be available and renewed my request for fee waiver of the documents. Additionally, I renewed my request that all State and Due Process complaints be expedited given the relatively low number of those documents.

To date, I have not received an e-mail response or letter from you regarding my request or last communication with you nearly two months ago. I believe this constitutes impermissible undue delay given the fact that the BIE has had my request for six months, I have repeatedly asked for updates on the request, and have even offered to receive the documents in smaller batches.

3535 E. 30TH STREET, SUITE 201 • FARMINGTON, NEW MEXICO 87402
Phone 505-566-5880 • Toll Free 1-800-862-7271 • Fax 505-566-5889

*The Protection & Advocacy System for Native Americans with Disabilities*

*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services, the Health Resource and Services Administration, the Social Security Administration, Arizona Developmental Disabilities Planning Council, New Mexico Civil Legal Services Commission, the New Mexico Guardian Ad Litem 11th Judicial District Court*

I am including Dr. Roessel in this communication since I have not been successful in receiving a response from your office. If I do not receive a timely response to this letter, as the Freedom of Information Act permits, I will consider my option to administratively appeal this excessive, undue delay. *See* 5 U.S.C. § 552.

Thank you for your prompt attention to this matter. I look forward to hearing from you.

Sincerely,

Alexis M. DeLaCruz, Esq.

3535 E. 30TH STREET, SUITE 201 • FARMINGTON, NEW MEXICO 87402
Phone 505-566-5880 • Toll Free 1-800-862-7271 • Fax 505-566-5889

*The Protection & Advocacy System for Native Americans with Disabilities*

*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services, the Health Resource and Services Administration, the Social Security Administration, Arizona Developmental Disabilities Planning Council, New Mexico Civil Legal Services Commission, the New Mexico Guardian Ad Litem 11th Judicial District Court*

# EXHIBIT E

# United States Department of the Interior

BUREAU OF INDIAN EDUCATION
Washington, D.C. 20240

JUL 15 2016

IN REPLY REFER TO:
BIA-2015-01289

Ms. Alexis DeLaCruz
Attorney at Law
Native American Disability Law Center
3535 E. 30th Street, Suite 201
Farmington, New Mexico 87402

Dear Ms. DeLaCruz:

This letter is in response to your Freedom of Information Act (FOIA) request dated May 21, 2015, that you clarified in a telefax received on July 29. You requested:

1. *Any and all studies, reports, or other documents describing student achievement data, attendance data, discipline data (I am not requesting student specific information and specifically seek disaggregated data by grade, gender, and disability for each data request) at Havasupai Elementary School in Supai, Arizona, for the period of January 1, 2010 to present;*

2. *Any and all teacher data describing qualifications of all teachers at Havasupai Elementary School in Supai, Arizona, for the period of January 1, 2010 to present;*

3. *BIE budget requests, justifications, guidance, internal correspondence, management and budget monitoring-documents regarding Havasupai Elementary School for the period of January 1, 2010 to present;*

4. *The "Program and Improvement Accountability Plan" (a United States Department of Education (DOE) Corrective Action Plan) for the BIE;*

5. *BIE Individuals with Disabilities Education Act, 20 U.S.C. § 1401 et seq. grant proposals and budget reports to DOE regarding Havasupai Elementary School for the period of January 1, 2010 to the present;*

6. *Meeting minutes of the Indian Affairs BIE-Education Committee for the period of August 12, 2013 to the present;*

7. *All Havasupai Elementary School Internal evaluations, studies and reports sent to the BIE;*

*8. All communications (including but not limited to correspondence, e-mail and memoranda) between Havasupai Elementary School administration and staff, including teachers, to the BIE Education Line Officers and Director Dr. Charles Roessel for the period of January 1, 2010 to present;*

*9. All documents related to any internal evaluations, assessments, reviews, monitoring and studies conducted by the BIE Havasupai Elementary School for the period of January 1, 2010 to present;*

*10. All documents that authorize, describe, detail, or otherwise discuss all monitoring activities undertaken by the BIE pursuant to IDEA for the period of January 1, 2010 to present;*

*11. Personnel files of former or current Havasupai Elementary School staff Melanie Haskan, Stephanie Hallmark, and Katherine Campbell;*

*12. All BIE State and Due Process Complaints filed with the BIE pursuant to 20 U.S.C. § 1415 of the Individuals with Disabilities Act (IDEA) for the period of January 1, 2010 through the present; and*

*13. All BIE Advisory Board for Exceptional Children Meeting minutes for the period of January 1, 2010 to the present.*

Your request was referred to the Bureau of Indian Affairs FOIA Office for processing on May 21, 2015, and on May 28, 2015, it was assigned Request No. BIA-2015-01289. Please reference this number in any future communications regarding your request. Your request was referred to the Bureau of Indian Education (BIE) for processing and was reviewed on June 3, 2015.

We have classified your request as an "other-use" request. As an "other-use" requester, you are entitled to receive 2 hours of search time and 100 pages of duplication of responsive records without charge before being asked to pay for document search and reproduction. However, the Department of the Interior does not bill for FOIA fees when they do not exceed $50.00. (43 C.F.R. § 2.37(g)).

You asked that we provide you the State Complaints as soon as possible. As a result, this letter transmits the redacted copies of the State Complaints as requested in your list at number 12. The bulk of your request required additional time to gather correspondence from many individuals and is still under review. We anticipate providing the additional material under separate cover as soon as possible.

We have conducted a search for your documents and we located 144 pages. Ten pages were duplicates and were removed to cut down the blank pages; and we are withholding an additional 65 pages in their entirety under Exemption 6; the remaining 69 pages include redactions to portions of the pages under Exemption 6. Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted

invasion of personal privacy." *5 U.S.C. § 552(b)(6).*

The phrase "similar files" covers any agency records containing information about a particular individual that can be identified as applying to that individual. *See United States Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982).* To determine whether releasing records containing information about a particular individual would constitute a clearly unwarranted invasion of personal privacy, we are required to balance the privacy interest that would be affected by disclosure against any public interest in the information. *See United States Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 773-75 (1989).*

The Supreme Court has explained that, [T]he only relevant "public interest in disclosure" to be weighed in this balance is the extent to which disclosure would serve the "core purpose of the FOIA," which is "contributing significantly to public understanding of the operations or activities of the government." *United States Department of Defense v. Federal Labor Relations Auth., 510 U.S. 487, 495 (1994); quoting Reporters Comm., supra, at 775.*

When the privacy interest at stake and the public interest in disclosure have been determined, the two competing interests must be weighed against one another to determine which is the greater result of disclosure: the harm to personal privacy or the benefit to the public. The purposes for which the request for information is made do not impact this balancing test, as a release of information requested under the FOIA constitutes a release to the general public. *See Reporters Comm., 489 U.S. at 771.*

The information that has been withheld under Exemption 6 consists of personal information such as social security numbers, home addresses, and birthdates, and we have determined that the individuals to whom this information pertains have a substantial privacy interest in withholding it. Additionally, we have determined that the disclosure of this information would shed little or no light on the performance of the agency's statutory duties. Because the harm to personal privacy is greater than whatever public interest may be served by disclosure, release of the information would constitute a clearly unwarranted invasion of the privacy of these individuals and we are withholding it under Exemption 6.

Jacquelyn M. Cheek, Bureau of Indian Education, Special Assistant to the Director, is responsible for this partial denial. James Porter, Attorney-Advisor in the Office of the Solicitor, was consulted.

You may appeal this decision to the FOIA Appeals Officer. The FOIA Appeals Officer must receive your FOIA Appeal no later than 30 workdays from the date of this final letter responding to your FOIA request. Appeals arriving or delivered after 5 p.m. E.T., Monday through Friday, will be deemed received on the next workday. Your appeal must be in writing and addressed to:

Freedom of Information Act Appeals Officer
Department of the Interior
Office of the Solicitor
1849 C Street, NW. MS 6556
Washington, DC 20240

You must include with your appeal copies of all correspondence between you and the Bureau concerning your FOIA request, including a copy of your original FOIA request and this letter. Failure to include this documentation with your appeal will result in the Department's rejection of your appeal. The appeal should be marked, both on the envelope and the face of the letter, with the legend "FREEDOM OF INFORMATION APPEAL." Your letter should include, in as much detail as possible, any reason(s) why you believe the Bureau's response is in error. As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve dispute between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road, Room 2510
College Park, Maryland 20740-6001
E-mail: ogis@nara.gov
Telephone: 202-741-5770
Facsimile: 202-741-5769
Toll-free: 1-877-684-6448

This concludes our response to your request. If you have any questions or would like to discuss this response, please contact me at (202) 208-6983.

Sincerely,

Jacquelyn M. Cheek

Jacquelyn M. Cheek
Special Assistant to the Director
Bureau of Indian Education

Enclosure

cc: Indian Affairs FOIA Officer

# EXHIBIT F

NATIVE AMERICAN
DISABILITY LAW CENTER

**Alexis DeLaCruz**
Attorney at Law

July 7, 2016

Nikki Gramian
Acting Director
Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road
College Park, MD 20740-6001
Fax: 202-741-5769

Via Facsimile and E-mail ONLY

Re: Request for OGIS Assistance with U.S. Department of Interior FOIA Request

Dear Ms. Gramian,

I am writing to request assistance from the Office of Government Information Services (OGIS) to address the U.S Department of Interior's (DOI) Bureau of Indian Affairs (BIA) lack of response to a Freedom of Information Act (FOIA) request I made pursuant to 5 U.S.C. § 552 on May 21, 2015. The agencies involved in this matter include the DOI, BIA and Bureau of Indian Education (BIE). The original case number assigned to the FOIA request is: BIA 2015-01289. To date, I have yet to receive a single document in response to my request.

In my capacity as a staff attorney with the Native American Disability Law Center (Law Center), I made a FOIA request for BIE records from the DOI FOIA Officer, Daniel Largo, on May 21, 2015. A copy of the original FOIA request is included with this letter. I first began following up on the FOIA request on June 11, 2015, when I sent an e-mail to Mr. Largo asking for confirmation that the DOI had received my request. In response, I was referred to Ms. Jackie Cheek, whom at the time was referred to as the "BIE FOIA Coordinator." Copies of the e-mail communication are included with this letter. On June 25, 2015, Ms. Cheek sent the Law Center a letter requesting clarification of the FOIA request. A copy of the June 25, 2015 letter is included with this letter. On July 8, 2015, Ms. Cheek and I spoke on the telephone regarding her letter, and I provided the clarification she was seeking in order to respond to the FOIA request. On July 9, 2015, the Law Center sent a second Revised FOIA request confirming the July 8, 2015 telephone conversation. A copy of the July 9, 2015 letter is included in this letter. I began following up with Ms. Cheek via e-mail on the status of my FOIA request on July 29, 2015. Since July 29, 2015, I have e-mailed Ms. Cheek every few months in an effort to get a response to my FOIA request. While Ms. Cheek has generally been responsive to my e-mails, she has never provided me with any document that



*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services, the Health Resource and Services Administration, the Social Security Administration, Arizona Developmental Disabilities Planning Council, New Mexico Civil Legal Services Commission, the New Mexico Guardian Ad Litem 11th Judicial District Court*

would begin to satisfy the FOIA request. In an effort to expedite the processing of my FOIA request I have offered several times to receive the requested documents in smaller sections.

As I mentioned, the BIE has never provided a substantive response to my FOIA request beyond the June 25, 2015 request for clarification. On February 18, 2016, I asked Ms. Cheek to provide me with the name of the DOI Solicitor handling my FOIA request as Ms. Cheek had indicated my request was in "legal review." I contacted Mr. James Porter on April 28, 2016 via telephone to discuss my FOIA request. While Mr. Porter indicated he would be looking into the status of my request, I have not received a substantive response from him regarding the status of my request. Similar to my correspondence with Ms. Cheek, I have been attempting to follow-up on my request with Mr. Porter via e-mail every few months. Copies of the e-mail correspondence are attached to this letter. It is important to note that I have not included every single e-mail correspondence between Ms. Cheek, Mr. Porter, Mr. Largo and myself, however copies of that correspondence can be made available upon request.

While I understand the U.S. Congress created OGIS to complement existing FOIA practice and procedure, and not as a FOIA enforcement mechanism, I pray that OGIS is able to accept this request for assistance given that my FOIA request is nearly 15-months old.

I have not included a privacy consent statement with this letter because the FOIA request was made of the DOI, an agency that does not require such a statement.

Thank you for your consideration. I look forward to hearing from OGIS. Please do not hesitate to contact me should you require additional information or have questions about the contents of this letter.

Sincerely,

Alexis M. DeLaCruz
adelacruz@nativedisabilitylaw.org

Encl: May 21, 2015 FOIA Request
June 25, 2015 Letter from BIE
July 9, 2015 Revised Request to BIE
Nov. 12, 2015 Letter fr Law Center to BIE
E-mail communication with DOI
E-mail communication with BIE
E-mail communication with DOI Solicitor

3535 E. 30TH STREET, SUITE 201 • FARMINGTON, NEW MEXICO 87402
Phone 505-566-5880 • Toll Free 1-800-862-7271 • Fax 505-566-5889

*The Protection & Advocacy System for Native Americans with Disabilities*

*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services, the Health Resource and Services Administration, the Social Security Administration, Arizona Developmental Disabilities Planning Council, New Mexico Civil Legal Services Commission, the New Mexico Guardian Ad Litem 11th Judicial District Court*

# EXHIBIT G

NATIVE AMERICAN
DISABILITY LAW CENTER

**Alexis DeLaCruz**
Attorney at Law

October 31, 2016

U.S. Department of Interior
Office of the Solicitor
1849 C Street, N.W.
MS-6556 MIB
Washington, DC 20240
E-mail: FOIA.Appeals@sol.doi.gov

ATTN: FOIA Appeals Office

*Via E-mail and U.S. Mail*

Dear FOIA Appeals Officer,

Please accept this letter as an administrative appeal of Bureau of Indian Education (BIE) FOIA Request BIA 2015-01289 pursuant to 43 C.F.R. § 2.57 *et seq.*

The Native American Disability Law Center (Law Center) is appealing the BIE's utter lack of response, untimely response and incomplete partial response to BIA 2015-01289. First, the BIE has constructively denied the request by failing to comply with the timelines set forth in 43 C.F.R. §§ 2.16 and 2.19 and by failing to provide the Law Center with appropriate written notice extending the timelines to process the request. Second, the few documents the BIE has provided the Law Center in response to the request was incomplete. Lastly, BIA 2015-01289 has been pending for 17 months, an unreasonable delay in processing the request amounting to a non-response from the agency.

This appeal comports with the requirements of 43 C.F.R. § 2.59 in that copies of all correspondence between the Law Center and the BIE FOIA Coordinator are included; there is an explanation as to why the Law Center's believes the BIE's lack of response to the request is in error; and contact information for the appellant is provided at the bottom of this letter.

Pursuant to 43 C.F.R. § 2.3(b), which directs a requester to seek Department records directly from the bureau that maintains the records being sought, the Law Center requested educational and other records directly from the Bureau of Indian Affairs on May 21, 2015. On June 12, 2015, the Law Center received an e-mail from the Acting Government Information Specialist on behalf of "FOIA, BIA" that the request had been sent to Jacquelyn Cheek, the BIE FOIA Coordinator. On June 25, 2015, the Law Center received a letter from Ms. Cheek asking the Law Center to clarify its request. On July 8, 2015, Ms. Cheek and I spoke on the telephone regarding her letter, and I provided the clarification she was seeking. On July 9, 2015, the Law Center sent a letter to Ms. Cheek clarifying

3535 E. 30TH STREET, SUITE 201 • FARMINGTON, NEW MEXICO 87402
Phone 505-566-5880 • Toll Free 1-800-862-7271 • Fax 505-566-5889

*The Protection & Advocacy System for Native Americans with Disabilities*

*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services, the Health Resource and Services Administration, the Social Security Administration, Arizona Developmental Disabilities Planning Council, New Mexico Civil Legal Services Commission, the New Mexico Guardian Ad Litem 11th Judicial District Court*

the request and memorializing our July 8, 2015 conversation. The Law Center never received a letter from the BIE in response. Since July 29, 2015, the Law Center has sent dozens of e-mails to Ms. Cheek in an effort to obtain a substantive response to the FOIA request. On November 12, 2015, the Law Center sent another letter to Ms. Cheek and included the then Director of the BIE, Monty Roessel, asserting its concern that the BIE was unreasonably delaying its response to the FOIA request. The Law Center never received a response to that letter either.

In an effort to expedite processing the request, I offered to receive the requested documents in smaller sections. While Ms. Cheek agreed to provide the documents in smaller sections, I still had to request the contact information of the Solicitor reviewing my request in January 2015 to follow-up on the request. On July 15, 2016, nearly 15 months after making the original request, I finally received a small set of records from the BIE purportedly in response to Item No. 12 of the FOIA request. However, the documents I received, the "State Complaints" listed in Item No. 12, is incomplete because the response does not include several State Complaints the Law Center itself had filed. Given the fact that I know there are State Complaints in existence that were not included in the partial response, what the Law Center received is incomplete. Furthermore, it appears from the BIE's July 15, 2016 letter that the State Complaints were intended to be a full response to Item No. 12. While the BIE did provide some of the State Complaints listed in that item, the BIE has not provided any of the Due Process Complaints also included in Item No. 12. Because the Law Center has not received the Due Process Complaints and there is significant concern that not all of the BIE's State Complaints were provided to the Law Center, the BIE's partial response was non-responsive and incomplete.

Since July 15, 2016, the Law Center has not received anything from the BIE.

On July 7, 2016, the Law Center requested assistance from the Office of Government Information Services (OGIS) to address the BIE's lack of response. OGIS closed the Law Center's case on August 1, 2016, because Ms. Cheek told OGIS that the BIE estimated completing action on the FOIA request by September 16, 2016. The Law Center e-mailed Ms. Cheek on September 28, 2016 to follow-up on the statement she purportedly made to OGIS. In response, Ms. Cheek stated: "Your FOIA documents were completed in August and transmitted for final review to our FOIA office to confer with the Solicitor's office on their release. I will be checking with the individual who has been working on the Bureau of Indian Education FOIA's during this period for a status update on when we can anticipate clearance." On October 24, 2016, the Law Center again e-mailed Ms. Cheek for an update because the Law Center still had not received any documents. In response, Ms. Cheek stated that the "FOIA specialist" who had been assigned to the FOIA request had "departed" the Department, and that Ms. Cheek had to "take up the task" to prepare the response for review by the Solicitor's Office. This last response from Ms. Cheek is in direct conflict with her September 2016 statement that the response had already been transmitted to the Solicitor's Office for review in August. Regardless, the Law Center has yet to receive the documents or any formal written response to the request beyond what has already been described.

Pursuant to 43 C.F.R. §2.16, the "bureau" had 20 workdays (including the date of receipt) to determine whether to comply with a request. Section 2.19 allows the bureau to extend the basic time limit if *unusual circumstances* (emphasis added) exist. However, the bureau if required to comply with §2.19(a)(1) and (2) by notifying the requester in writing of: 1) the unusual circumstances involved; and 2) the date which it expects to complete processing the request. *Id.* Furthermore, if the processing time is expected to extend beyond a total of 30 workdays, the bureau will: 1) Give the requester the opportunity to limit the scope of the request or agree to an alternative time period for processing; and 2) make available its FOIA Public Liaison to assist in resolving disputes. 43 C.F.R. § 2.19(b)(1) and (2). Of note, if the bureau extends the time limit and does not provide the

3535 E. 30TH STREET, SUITE 201 • FARMINGTON, NEW MEXICO 87402
Phone 505-566-5880 • Toll Free 1-800-862-7271 • Fax 505-566-5889



*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services, the Health Resource and Services Administration, the Social Security Administration, Arizona Developmental Disabilities Planning Council, New Mexico Civil Legal Services Commission, the New Mexico Guardian Ad Litem 11th Judicial District Court*

documents within that time period, the Department instructs the requester to "*consider the request denied and file an appeal*"(emphasis added)[.] 43 C.F.R.§2.19(c).

Here, the Law Center was never provided with written notification extending the timeline to comply with the request as required by the Bureau's FOIA regulations. While Ms. Cheek was generally responsive to the Law Center's e-mails, she never provided the Law Center the written notification required to extend the timelines in processing the request. In fact, this FOIA request has been pending for 17 months. The only recourse the Law Center has had in attempting to obtain the records is to follow-up by e-mail with the BIE's FOIA Coordinator, an effort that has now proven futile. Furthermore, the BIE's partial response to BIA 2015-01289 was non-responsive and incomplete and has never been supplemented.

It has become clear to the Law Center that the BIE has no intent on complying with the FOIA request given the unreasonable delay demonstrated the last 17 months the FOIA request has been pending. As such, the Law Center is administratively appealing this constructive denial, the BIE's untimely response and the BIE's incomplete partial response.

Pursuant to 43 C.F.R. § 2.57, a requester may file an administrative appeal in several instances including when: 1) the bureau withholds records or parts of records; 2) the bureau did not address all aspects of the request for records; and 3) the bureau did not make a decision within the time limits set forth in Section 2.16.

Here, the Law Center is filing this administrative appeal primarily because the BIE has withheld records. *See* 43 C.F.R. § 2.57(a)(1). Similarly, the BIE has not adequately addressed all aspects of the records request because the Law Center has only received a small set of incomplete records that purports to satisfy a complete item of the request. 43 C.F.R. § 2.57(a)(4). Lastly, the BIE did not provide proper written notification to the Law Center requesting an extension to process the request nor did the BIE make a decision within the timelines set forth in Section 2.16. 43 C.F.R. § 2.57(a)(7).

Of note, the original FOIA request was for documents dated from January 1, 2010 to present. The Law Center fully expects the BIE to supplement the documents to cover the period from May 21, 2015 when the FOIA complaint was filed through the present.

**Appellant Contact Information**

Alexis M. DeLaCruz, Esq.
Native American Disability Law Center
3535 E. 30th St., Suite 201
Farmington, NM 87402
Phone: (505) 566-5880
Fax (505) 566-5889
adelacruz@nativedisabilitylaw.org

Please do not hesitate to contact me should you require additional information.

Sincerely,

Alexis M. DeLaCruz

Alexis M. DeLaCruz



*Funding provided by the Administration on Developmental Disabilities, the Rehabilitation Services Administration, the Center for Mental Health Services, the Health Resource and Services Administration, the Social Security Administration, Arizona Developmental Disabilities Planning Council, New Mexico Civil Legal Services Commission, the New Mexico Guardian Ad Litem 11th Judicial District Court*